UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| JEREMY MCLAUGHLIN, | ) |
| Plaintiff, | ) 2:20-CV-00243-DCLC-CRW |
| v. | ) |
| SULLIVAN COUNTY BOARD OF EDUCATION and DAVID COX, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Jeremy McLaughlin's petition for judicial review, pursuant to the Tennessee Teachers' Tenure Act, § 49-5-501, *et seq*. (the "Act" or "Tenure Act"), of Defendant Director David Cox's ("Director Cox") decision to suspend Plaintiff from his position as a tenured teacher at Sullivan County Public Schools.

**I.  PROCEDURAL BACKGROUND**

Plaintiff initiated this action in the Chancery Court for Sullivan County, Tennessee alleging that Director Cox suspended him for three days without pay in violation of the First Amendment [Doc. 1-1]. Plaintiff also petitioned for judicial review of his suspension under the Tenure Act, which permits "[a] tenured teacher who is . . . suspended by action of the director" to "petition for a writ of certiorari from the chancery court of the county where the teacher is employed." Tenn. Code Ann. § 49-5-513(a). Defendants subsequently removed the action to this Court and the cause was tried before the undersigned and a jury from September 13, 2022 through September 15, 2022.

At the conclusion of the trial, the jury returned a verdict in favor of Director Cox on the First Amendment claim and the parties declined to present additional evidence under the Tenure Act. The parties then filed Proposed Findings of Fact and Conclusions of Law [Docs. 131, 132].

1

## II. STANDARD OF REVIEW

Generally, under the Tenure Act, the standard of review "is intended to permit the [reviewing] court to address the intrinsic correctness of the school board's decision." *Emory v. Memphis City Sch. Bd. of Educ.*, 514 S.W.3d 129, 141 (Tenn. 2017). That is, the review is *de novo* wherein the reviewing court "does not attach a presumption of correctness to the school board's findings of fact, nor is it confined to deciding whether the evidence preponderates in favor of the school board's determination." *Id*. (quoting *Ripley v. Anderson Cnty. Bd. of Educ.*, 293 S.W.3d 154, 156 (Tenn. Ct. App. 2008)). However, the standards applicable to decisions of the school board differ from those applicable to disciplinary suspension of a teacher by the director of schools for a period of three days or less ("short term suspensions"). *See* Tenn. Code Ann. § 49-5-512(d).

Based on the plain language of the Tenure Act, a teacher suspended by the director for three days or less may appeal the decision pursuant to Tenn. Code Ann. § 49-5-513. Tenn. Code Ann. § 49-5-512(d)(5). Section 49-5-513 provides that "[t]he review of the court shall be limited to the written record of the hearing before the board and any evidence or exhibits submitted at the hearing" and "[a]dditional evidence or testimony shall not be admitted except as to establish arbitrary or capricious action or violation of statutory or constitutional rights . . . ." Tenn. Code Ann. § 49-5-513(g). "This scope of review is the scope of review for common law *writ of certiorari*." *Wallace v. Mitchell*, 303 S.W.3d 685, 687 (Tenn. Ct. App. 2000) (citing *Davison v. Carr*, 659 S.W.2d 361 (Tenn. 1983)).[1] Accordingly, the material evidence rule applies—the Court must determine whether there is material evidence to support the director's suspension decision. *See Davison*, 659 S.W.2d at 363.

---

[1] The Court finds the standard of review announced in *Emory* inapposite for judicial review of short-term suspension decisions by the director in light of the express exclusion of the provision providing for *de novo* review in Tenn. Code Ann. § 49-5-512(d).

2

## II. DISCUSSION

Pursuant to Tenn. Code Ann. § 49-5-513(h), the Court makes the following findings of fact and conclusions of law:

### A. Findings of Fact

Plaintiff was a tenured teacher for Sullivan County Public Schools from August 2012 until September 2021. Due to the COVID-19 pandemic, Sullivan County Schools, like other public schools across the nation, shut down in March 2020 and shifted to instruction via online learning. In August 2020, however, administration for Sullivan County Schools began planning to reopen schools. As part of that plan, the school administration sent out separate surveys to parents, teachers, and support staff requesting feedback on how the County should reopen schools. The teachers' survey presented three options—reopen to full in-person instruction; reopen in some hybrid form of in-person and virtual instruction; and "other," which allowed the teacher to write in a response.

In addition to the surveys, the Sullivan County Board of Education ("the Board") held a meeting on August 13, 2020, during which the public was permitted to address the Board regarding the method of reopening schools for the 2020–2021 school year. A student and various adult speakers, including the student's mother, spoke at the meeting and urged the Board to open schools for in-person learning. Plaintiff also addressed the Board and expressed his opinion that the school should continue with online learning, because a return to in-person learning was unsafe and risked further spread of COVID-19.

Two days later, the mother of the student who spoke at the meeting emailed complaints about Plaintiff to board members and Director Cox. Specifically, she complained about Plaintiff's speech at the meeting and his treatment of her daughter, which she perceived as dismissive. The

mother also complained about several of Plaintiff's posts on social media. Thereafter, members of the public submitted additional complaints referencing Plaintiff's use of social media, his alleged mistreatment of students, and his speech at the board meeting. These complaints triggered an investigation by Director Cox into Plaintiff's social media and his alleged mistreatment of students, but the investigation did not pertain to Plaintiff's speech at the board meeting or any complaints regarding the same.

The investigation ultimately revealed that the complaints regarding Plaintiff's alleged mistreatment of students were meritless. However, Plaintiff's posts and comments on social media created cause for concern. On his then-public Facebook profile, Plaintiff made several posts containing expletives or what could be viewed as vulgar language. Plaintiff also posted a screenshot of the survey he received from school administration and included a caption implying that the survey was biased because it did not include a choice for full-time virtual instruction. In the comments section, Plaintiff shared the link to the survey and provided implicit instructions on how to circumvent the system and complete the survey multiple times. Plaintiff also encouraged non-faculty members who commented on the post to take the survey.

After notifying Plaintiff of the complaints regarding his Facebook posts and his comments on the survey-related post and giving him a chance to respond, Director Cox decided to suspend Plaintiff for three days without pay for "unprofessional behavior while utilizing social media" and "unprofessional attitude and poor judgment when failing to show remorse related to such poor behavior" [Doc. 51-1, pg. 3]. Director Cox referenced Plaintiff's posts in which he used expletives and vulgar language, but went on to explain, "Perhaps even more troubling were your Facebook comments regarding a post you made about the faculty re-opening survey" [Doc. 51-1, pg. 2]. Director Cox further explained that when presented with the complaints and given a chance to

4

Case 2:20-cv-00243-DCLC-CRW   Document 135   Filed 01/22/24   Page 4 of 6   PageID #: 3929

respond, Plaintiff merely provided "tips on how to better secure surveys" and did not show "any remorse or even an acknowledgement of [his] unprofessional actions" [*Id*. at pg. 3]. Following a conference requested by Plaintiff pursuant to the provisions of the Tenure Act, Director Cox issued a decision letter affirming the three-day suspension. As a result of the suspension, Plaintiff suffered a loss of three-days' pay in the amount of $747.30.

B. **Conclusions of Law**

Under the Tenure Act, the director of schools, without action of the board, may issue a disciplinary suspension of a tenured teacher for up to three days for "incompetence, inefficiency, neglect of duty, unprofessional conduct, and insubordination[.]" Tenn. Code Ann. §§ 49-5-511(a)(2), -512(d). "Unprofessional conduct is 'conduct that violates the rules or ethical code of a profession or that is unbecoming a member of a profession in good standing, or which indicates a teacher's unfitness to teach.'" *Finney v. Franklin Special Sch. Dist. Bd. of Educ.*, 576 S.W.3d 663, 685 (Tenn. Ct. App. 2018) (quoting *Morris v. Clarksville-Montgomery Cty. Consol. Bd. of Educ.*, 867 S.W.2d 324, 329 (Tenn. Ct. App. 1993)). The Tenure Act provides a non-exclusive list of what "'[c]onduct unbecoming to a member of the teaching profession' may consist of," which includes, in relevant part, immorality, dishonesty, and "[d]isregard of the teacher code of ethics . . . in such manner as to make one obnoxious as a member of the profession[.]" Tenn. Code Ann. § 49-5-501(3).

Director Cox based his suspension decision, in part, on Plaintiff's actions in sharing the link to the faculty re-opening survey, offering implicit instruction on how to take the survey multiple times, and encouraging non-faculty members to take the survey. In finding against Plaintiff on his First Amendment claim, the jury in this action determined based on the evidence presented at trial that Director Cox would have suspended Plaintiff solely due to these survey-

related comments. Those comments certainly qualify as unprofessional conduct because they involve dishonesty and were intended to skew the survey results. Thus, there is material evidence to support the three-day suspension decision by Director Cox.

## III. CONCLUSION

Given the foregoing findings, the suspension decision is **AFFIRMED** and this action is **DISMISSED**. A separate judgment shall enter.

    **SO ORDERED:**

s/Clifton L. Corker<br>
United States District Judge