UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| JERRY MCLAUGHLIN, | ) |
|     Plaintiff, | ) |
| | )    2:20-CV-00243-DCLC-CRW |
| v. | ) |
| SULLIVAN COUNTY BOARD OF EDUCATION and DAVID COX, | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Combined Motion for New Trial and to Alter or Amend [Doc. 137]. The motion is fully briefed and ripe for resolution. For the reasons stated herein, Plaintiff's motion is **DENIED**.

**I.    BACKGROUND**

Plaintiff initiated this action in the Chancery Court for Sullivan County, Tennessee alleging that Director David Cox ("Director Cox") suspended him for three days without pay in violation of the First Amendment [Doc. 1-1]. Plaintiff also petitioned for judicial review of his suspension under the Tennessee Teachers' Tenure Act, which permits "[a] tenured teacher who is . . . suspended by action of the director" to "petition for a writ of certiorari from the chancery court of the county where the teacher is employed." Tenn. Code Ann. § 49-5-513(a). Defendants subsequently removed the action to this Court and the cause was tried before the undersigned and a jury from September 13, 2022 through September 15, 2022. At the conclusion of the trial, the jury returned a verdict in favor of Director Cox on the First Amendment claim and the parties declined to present additional evidence under the Tenure Act. The parties then filed Proposed

Findings of Fact and Conclusions of Law [Docs. 131, 132] and the Court affirmed Director Cox's suspension decision under the Tenure Act [Doc. 135]. Plaintiff now moves for a new trial on his First Amendment claim and seeks to alter or amend the judgment on his Tenure Act claim pursuant to Fed.R.Civ.P. 59.

II.     ANALYSIS

Plaintiff moves for a new trial on his First Amendment claim pursuant to Fed.R.Civ.P. 59(a)(1)(A), and to alter or amend the Memorandum Opinion and Order on Plaintiff's Tenure Act claim pursuant to Fed.R.Civ.P. 59(a)(1)(B) and (e). Both requests and the grounds for the requested relief are addressed in turn.

A.      Motion for a New Trial: Rule 59(a)(1)(A)

After a jury trial, "[t]he court may, on motion, grant a new trial on all or some of the issues . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed.R.Civ.P. 59(a)(1)(A). The Sixth Circuit has interpreted this provision "to mean that a new trial is warranted when a jury has reached a 'seriously erroneous result' as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, *i.e.*, the proceedings being influenced by prejudice or bias. *Holmes v. City of Massillon*, 78 F.3d 1041, 1045–46 (6th Cir. 1996) (citations omitted). To succeed on a motion for a new trial, the moving party "must overcome the substantial deference owed a jury verdict," *Radvansky v. City of Olmsted Falls*, 496 F.3d 609, 614 (6th Cir. 2007), and the motion should be denied "if the verdict is one that reasonably could be reached, regardless of whether the trial judge might have reached a different conclusion were he the trier of fact." *Wayne v. Vill. of Sebring*, 36 F.3d 517, 525 (6th Cir. 1994) (citations omitted).

Here, Plaintiff asserts that the Court erred in determining and charging the jury that certain speech Plaintiff engaged in was not protected speech and in allowing Defendants to assert an affirmative defense under *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977) ("*Mt. Healthy*") [Doc. 137, ¶¶ 1, 2]. Plaintiff further contends that no reasonable jury could have reached the verdict that was ultimately reached in the instant action [*Id*. at ¶¶ 3, 4].

Prior to trial, the Court resolved two relevant questions of law: whether Plaintiff engaged in protected speech and whether Director Cox could assert the affirmative defense announced in *Mt. Healthy*, which allows a defendant in the First Amendment context to avoid liability by proving that it would have taken the challenged adverse action even in the absence of the protected speech. *See Mt. Healthy*, 429 U.S. at 287. On the issue of protected speech, the Court ruled, in relevant part, that Plaintiff's Facebook posts were protected under the First Amendment but that his comments on one particular post, in which he provided a link to a school survey along with explicit instructions on how to take the survey multiple times without detection, were not protected speech [Doc. 99, pgs. 21, 24]. As for the *Mt. Healthy* defense, the Court recognized the defense as an affirmative one which must be raised in a party's responsive pleading [*Id*. at pg. 11]. However, the Court permitted Director Cox to assert the defense in response to Plaintiff's Motion for Partial Summary Judgment, because Plaintiff received sufficient notice of the defense and the opportunity to respond [*Id*. at pg. 13].

Plaintiff asserts that the Court's summary-judgment ruling regarding the unprotected nature of his comments on the survey-related Facebook post was made in error and, as a result, the Court erred in instructing the jury that such speech was not protected under the First Amendment [Doc. 138, pgs. 8, 9]. Specifically, Plaintiff asserts that because he testified at trial that the comments were merely "sarcasm, meant to express his upset over the inadequacy of the faculty

3

survey and not to encourage non-teachers to vote in the survey," the Court should have accepted this "unrefuted explanation of his intent" and instructed the jury that Plaintiff's comments were protected speech [*Id.*]. However, the question of whether speech constitutes protected conduct is a question of law, *Leary v. Daeschner*, 228 F.3d 729, 737 (6th Cir. 2000), which the Court decided on the parties' motions for summary judgment. Specifically, the Court held that "no reasonable juror could conclude [Plaintiff] was merely expressing his frustrations about the survey" and "[i]t is evident that he provided the link to the survey and encouraged individuals to vote by using that link" [Doc. 99, pg. 20]. Notably, Plaintiff did not formally seek to alter or amend that pretrial ruling, and his attempt relitigate the issue on the stand was improper. Accordingly, the Court properly instructed the jury that Plaintiff's comments on the survey-related Facebook post were not protected speech.

Plaintiff also takes issue with the Court's pretrial ruling allowing Director Cox to assert an affirmative *Mt. Healthy* defense at the summary judgment stage [Doc. 138, pgs. 9, 10]. Specifically, he asserts that Director Cox failed to raise the "defense at a 'pragmatically sufficient time'" and that he was "forced to try his claim in the face of [the] unpled defense without the benefit of discovery and with just three weeks' notice that the defense would indeed be at issue" [Doc. 138, pg. 12]. Notably, however, Plaintiff did not move for a continuance of the trial or request that the Court reopen discovery. Also, Plaintiff had a chance to respond to Director Cox's *Mt. Healthy* defense by filing a reply brief to his response in which he asserted the defense. But, as the Court previously noted, Plaintiff chose not to [Doc. 99, pg. 12]. As for the timing of the defense, the Sixth Circuit has expressly stated that "'[a] district court may, in its discretion, allow a defendant to raise an affirmative defense for the first time in a motion for summary judgment if doing so does not result in surprise or prejudice to the plaintiff.'" *Rogers v. I.R.S.*, 822 F.3d 854,

4

856 (6th Cir. 2016) (quoting *Lauderdale v. Wells Fargo Home Mortg.*, 552 F. App'x. 566, 573 (6th Cir. 2014)). Considering the survey-related comments had "been at issue and analyzed separately from [Plaintiff's] Facebook posts since the date of his suspension and the inception of this case[,]" the Court determined that Plaintiff could neither claim surprise or prejudice by Director Cox's assertion that he would have suspended Plaintiff based on those comments alone [Doc. 99, pg. 13]. Thus, Plaintiff is not entitled to a new trial based on the Court's allowance of the *Mt. Healthy* defense.

Finally, Plaintiff contends that no reasonable jury could have reached the verdict that the jury in the instant action reached. As to the first question, which addressed causation and asked if Plaintiff had "proven by a preponderance of the evidence that at least one instance of his protected speech was a substantial or motivating factor in [Director Cox's] decision to suspend him for three days[,]" the jury answered "NO" [Doc. 124]. Plaintiff asserts that, in the face of the evidence, *i.e.*, the Court's ruling that Plaintiff's Facebook posts were protected speech and the suspension letters which relied on that protected speech, that no reasonable jury following the Court's instructions could have answered "NO" to that particular question [Doc. 138, pg. 14]. The Court agrees that the jury's answer to the foregoing question likely goes against the great weight of the evidence. However, in light of the jury's answer to the second question, the jury did not ultimately reach a seriously erroneous result.

Specifically, the jury found that Director Cox had proven by a preponderance of the evidence that he would have suspended Plaintiff in the absence of any protected speech [Doc. 124]. Reading the two answers on the verdict form together, the jury concluded that Plaintiff's protected speech was not a motivating factor in Director Cox's suspension decision and, even if it were, Director Cox would have suspended Plaintiff solely based on the unprotected speech, *i.e.*, the

5

comments on the survey-related Facebook post. In sum, the jury found Director Cox's *Mt. Healthy* defense to be credible. Such a finding by the trier of fact is supported by the evidence and it is not within the purview of this Court to disturb the finding simply because a different conclusion could have been reached. *See Wayne v. Vill. of Sebring*, 36 F.3d 517, 525 (6th Cir. 1994). Based on the foregoing, Plaintiff is not entitled to a new trial on his First Amendment claim.

### B.  Motion to Alter or Amend: Rules 59(a)(1)(B) and (e)

After a nonjury trial, the Court may grant a new trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed.R.Civ.P. 59(a)(1)(B). This Court has held that "[a] motion for a new trial in a nonjury case or a petition for rehearing should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons." *Hager v. Paul Revere Life Ins. Co.*, 489 F. Supp. 317, 321 (E.D. Tenn. 1977), *aff'd*, 615 F.2d 1360 (6th Cir. 1980). Similarly, a motion to alter or amend a judgment under Rule 59(e) "is not an opportunity to reargue a case[,]" *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998), and such motions "may be granted if there is a clear error of law, newly discovered evidence, an intervening change in the law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

With respect to his petition for judicial review under the Tenure Act, Plaintiff asserts that the Court erred in finding that Director Cox satisfied certain procedural requirements of the Tenure Act; the Court erred by applying the wrong standard of review; and the Cour erred in affirming the suspension decision because it was motivated, at least in part, by Plaintiff's protected speech under the First Amendment [Doc. 137, pg. 2].

As an initial matter, the Court previously found that the procedural notice requirements of the Tenure Act, Tenn. Code Ann. § 49-5-512(d) were satisfied because Plaintiff had sufficient

6

notice of which comments and Facebook posts Director Cox relied on in making the suspension decision [Doc. 99, pg. 28]. Plaintiff seeks to alter or amend that finding, arguing that the testimony presented at trial in which Director Cox admitted that he relied on all of the survey-related comments establishes that the notice requirements of the Tenure Act were not met [Doc. 138, pg. 19]. However, the testimony does not change the fact that Director Cox notified Plaintiff "at least three times that his comments on his survey-related post . . . were a basis for Director Cox's decision" [*See* Doc. 99, pg. 28]. Accordingly, there is no basis to alter or amend the previous finding that the notice requirements of the Tenure Act were satisfied.

Plaintiff's argument that the Court applied the wrong standard of review is also misplaced. Plaintiff asserts that the Court should have applied the *de novo* standard of review announced in *Emory v. Memphis City Sch. Bd. of Educ.*, 514 S.W.3d 129 (Tenn. 2017), rather than the material evidence standard. *Emory*, however, addressed the standard for judicial review of "the intrinsic correctness of the school board's decision" rather than a decision by the director of schools. *Emory*, 514 S.W.3d at 141. Moreover, the Tenure Act expressly excludes the provision providing for *de novo* review when a teacher is suspended by the director of schools for three days or less. *See* Tenn. Code Ann. § 49-5-512(c)(4) ("[t]he review of the court shall be de novo on the record of the hearing held by the hearing officer and reviewed by the board."); Tenn. Code Ann. § 49-5-512(d) ("[s]ubsections (a) and (c) shall not apply to a disciplinary suspension of a teacher by the director of schools that is for a period of three (3) days or less and that is not made in anticipation of dismissal."). Because Director Cox suspended Plaintiff for three days and the suspension decision was not made in anticipation of dismissal, the provision providing for *de novo* review was inapplicable. Therefore, the Court properly applied the material evidence standard of review when reviewing Director Cox's suspension decision under the Tenure Act.

Finally, Plaintiff asserts that the Court erred in affirming Director Cox's suspension decision when there is direct evidence that Director Cox suspended Plaintiff, at least in part, due to his protected speech under the First Amendment. He asserts that, under the Tenure Act, "[a] teacher cannot be suspended for a reason that is at odds with his constitutional rights" [Doc. 138, pg. 22]. As the jury found, however, the suspension did not violate Plaintiff's rights under the First Amendment [*See* Doc. 124]. Moreover, the Court found that there was material evidence to support the decision based upon Plaintiff's unprofessional conduct in attempting to skew the results of the faculty survey [Doc. 135, pg. 6]. Considering the evidence at trial and the rulings herein, there is no basis to alter or amend that finding.

### III. CONCLUSION

For the reasons stated above, Plaintiff's Combined Motion for New Trial and to Alter or Amend [Doc. 137] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge